# BENNERS *v.* RICHARDS.

PATENTS; INTERFERENCE; PRIORITY.

The conclusion of the tribunals of the Patent Office, in an interference proceeding, that certain drawings, by which it is claimed the senior party disclosed the invention prior to its conception by the junior party, did not disclose the features of the invention of the issue which distinguished the same patentably from the prior art, will not be disturbed unless error is apparent.

Patent Appeals. No. 813. Submitted November 20, 1912. Decided February 3, 1913.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference case.                    *Affirmed.*

The facts are stated in the opinion.

*Messrs. Griffin & Bernhard* for the appellant.

*Messrs. Kenyon & Kenyon* for the appellee.

Mr. Chief Justice Shepard delivered the opinion of the Court:

This is an interference case relating to an improvement in car bolsters, the issue of which is: "A bolster having a lower member which is channeled in cross section, the inner face of said lower member having substantially the form of an inverted arch."

Appellant Edwin H. Benners, the senior party, filed November 28, 1908, and patent issued to him January 11, 1910; Richards filed March 19, 1910. Benners has an earlier patent for a car bolster which was assigned to the Crown Castings Company of which he is the president. That bolster, the Gould Coupler Company, which is the assignee of Willard F. Richards, invention in controversy, had manufactured under a contract with the Crown Castings Company. Richards was then and is now mechanical superintendent of the Gould Company. The invention of the improvement in the present invention over the prior art as illustrated by the former patent to Benners, and one to Green, is a narrow one, and the question between the rival claimants is primarily one of originality. It has been found by the tribunals of the office that Richards conceived the improvement in September, 1908. And it is shown beyond question or doubt that he made a drawing of the same, a blue print of which was sent to and received by Benners on or before November 4, 1908. This drawing shows every feature of the Benners patent involved in the interference, and is substantially similar to the patent drawing which was filed with his application therefore, November 28, 1908. Benners testified that he had disclosed the invention to Richards prior to Richards' alleged conception. This the latter positively denied. No other witness testified to the communication, and there was no correspondence relating to it.
to it.

The case turned in the office upon the question whether certain drawings made by Benners in the summer of 1906 disclosed the invention of the issue. Richards admitted that those

drawings had been given to him as mechanical superintendent of the Gould Coupler Company, and that he was thoroughly familiar with them. Benners also undertook to show that he had disclosed the invention of the issue in 1906 to Tinsley and Pett. The tribunals of the office concurred in the opinion that these disclosures were not proved. They thought that Tinsley, who was not a mechanic or engineer, and testified after five years without the aid of a sketch or memorandum, failed to show a disclosure of the necessary features of the invention. They were also of the opinion that Pett, who was an engineer and draftsman and made the 1906 drawings, embodied therein the disclosures made to him. The evidence is analyzed in the decisions below and carefully reviewed. The reasoning is satisfactory. The question, as before said, then turned upon the disclosures of said drawings. With those drawings before them and with a knowledge of the prior art, the tribunals concurred in the conclusion that the drawings did not show the features of the invention of the issue which distinguished the same patentably from the prior art. The reasons for this conclusion are set out fully in each decision. It would serve no useful purpose to attempt to add to the discussion. It is sufficient to say that after a careful examination of the testimony and exhibits with the aid of the argument, we have not been convinced of error in the decision appealed from, and it will therefore be affirmed. The clerk will certify this decision to the Commissioner of Patents. *Affirmed.*